Quinlan, J.
The plaintiff, Comets Community Youth Center, Inc. (“Comets Community”), brings an action against the defendants, Town of Natick and members of the Board of Selectmen (‘Town of Natick”), to enforce the automatic renewal provisions of a lease agreement executed between Comets Communiiy and the Town of Natick. Presently before the court is a motion to dismiss all counts of Comets Community’s complaint, and a cross-motion by Comets Community for partial summary judgment on the renewal provisions of the lease.
For the reasons discussed below, the Town of Natick’s motion is denied and Comets Community’s motion is allowed.
BACKGROUND
On December 7, 1987, the Town of Natick, a municipal corporation, agreed to lease to Comets Community an indoor ice skating facility. The lease agreement states:
The terms of this Lease shall be automatically renewed every ten (10) years if permitted by law, otherwise renewal terms shall be negotiated by the parties at that time, provided further that the premise continues to be used as a skating facility for Natick youth in a financially sound manner and that the condition of this Lease are met.
The lease was entered into as part of the consideration for Comets Community’s sale to the Town of Natick of real estate and improvements, including two skating rinks, one of which is the subjection of this action.[1] The rental amount of $ 1 per year reflected the fact that the Town was to obtain property assessed and appraised at approximately $1,900,000.00 for cash payment of $950,000.00.[2] The additional consideration for the sale was the entry into an automatically renewing lease to Comets Community of one of the skating rinks at $ 1.00 per year.
Comets Community has operated the skating rink since the agreement was executed in 1987. To date, Comets Community has itemized twenty-two improvement projects for the rink with a cost of $334,000.00[3] and had indicated that $130,000.00 in additional improvements were contemplated. Following receipt of the Town of Natick’s notice of alleged breaches of the lease, Comets Community undertook to investigate and cure the conditions which the Town of Natick claimed to be in breach of the lease.
The Town of Natick has refused to confirm that the lease will be automatically extended for the next renewal period and has refused to negotiate the terms of extension. Instead, pursuant to G.L. 30B, the Town of Natick has solicited bids from the public for a contract to manage and operate the skating rink.
Thus Comets Community filed a civil action against the Town of Natick. They sought specific performance of the automatic renewal provision and a declaration of the rights of the parties under the lease, as well as judgment for the monetary damages caused by the infringement of the contractual and property interest rights belonging to Comets Communiiy. Comets Community’s application for a preliminaiy injunction was granted on March 24, 1997. Comets Community now moves for partial judgment to renew the lease.[4] It bases its motion on the following grounds: (1) the lease agreement calls for automatic renewal of the lease every ten years; (2) the agreement is not governed by G.L.c. 30B; and (3) the agreement is for a term less than ten years.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12 (b)(6), the court must accept as true the well-pleaded factual allegations and any inferences that can be drawn in the plaintiff s favor from the complaint. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Summary judgment is granted where *167 there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
The Town of Natick’s first argument that the lease agreement is governed by G.L.c. 30B must fail. The Town of Natick contends that the agreement is essentially a service contract for the operation and management of the rink. G.L.c. 30B governs any municipal contracts for “the procurement or disposal of supplies or services.” See Section 30B definitions; Comets v. Town, No. 97-1405, March 24, 1997 (Botsford, J.) (preliminary injunction granted). The agreement executed between the Town of Natick, a municipal corporation and Comets Community in December of 1987 was clearly for a lease of the skating rink and not for the procurement or disposal of supplies or services. The operation and management of the rink is tangential to the lease rights. Thus, G.L.c. 30B does not govern the contract between Comets Community and the Town of Natick.
The Town of Natick’s second argument that the lease violates G.L.c. 40, §3 must fail. 40, §3 provides;
A town may by its selectman let or lease for not more than ten years, on such terms as the selectman determine.
This provision provides that a lease may be executed for a term not exceeding ten years. Here the lease agreement between Comets Community and the Town of Natick is for a term of ten years. Thus, the agreement complies with the statute. Moreover, there is no language under this section that prohibits automatic renewal provisions in leases.
The Town of Natick’s third argument fails. They argue that G.L.c. 30B and G.L.c. 40, §3 forbids the automatic renewal provision of the lease. As discussed above, G.L.c. 30B is not applicable to the agreement, and G.L.c. 40, §3 does not prohibit automatic renewals. In general, automatic renewal provisions are enforceable in Massachusetts. Moreover, the same lease terms apply to the renewed lease. Scirpo v. McMillan, 355 Mass. 657, 659 (1969). Thus, the automatic renewal provision is enforceable.
The Town of Natick also argues that Comets Community is not entitled to an automatic renewal of its lease because Comets Community has failed to meet all the conditions of the lease. This involves a question of fact which can not be appropriately resolved in a motion to dismiss or a summary judgment motion. Thus the court will not resolve this issue at this time.
ORDER
For the foregoing reasons, the Town of Natick’s motion to dismiss Comets Community’s complaint is denied and Comets Community’s motion for partial summary judgment on the renewal provision is granted.

The Town of Natick dispute that the lease agreement was given as consideration for the sale of the property. See Defendant’s Brief in Support of Their Motion To Dismiss, p. 12. According to the town, they became involved in the purchase of the rink as a result of the fact that the rink was in such poor financial condition that a foreclosure was imminent. However, they have not presented any affidavits to support their contention.

The Town of Natick contend that the actual fair market value of the property was $950,000. However, they have not presented any supporting affidavits to support their contention.

Comets contend they actually spent in excess of one million two hundred thousand (1,200,000.00) dollars in expenditures for equipment and improvements.

The Town of Natick’s motion to dismiss on all of Comet Community’s claims raises the same issues as Comets partial judgment motion. It argues (1) the lease agreement is governed 30B; (2) G.L.c. 40, §3 limits term of a lease to a 10 year duration; and (3) G.L.c. 30, G.L.c. 40, §3 forbids automatic renewal of the lease.